IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEB RITCHIE, ) | CIV. NO. 13-00525 JMS-BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART DEFENDANT |
| vs. ) | NATIONAL FOOTBALL LEAGUE'S |
| ) | MOTION TO FILE DOCUMENTS |
| NATIONAL FOOTBALL LEAGUE, ) | UNDER SEAL, DOC. NO. 144 |
| STATE OF HAWAII, DOE ) | |
| ENTITIES 1-10, DOE ) | |
| INDIVIDUALS 1-20, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NATIONAL FOOTBALL LEAGUE'S MOTION TO FILE DOCUMENTS UNDER SEAL, DOC. NO. 144

### I. INTRODUCTION

On September 10, 2014, Plaintiff Deb Ritchie ("Plaintiff") filed a Motion for Partial Summary Judgment, Doc. No. 118, which refers to several documents marked "Confidential" by Defendant the National Football League (the "NFL") pursuant to the parties' Stipulation and Protective Order. *See* Doc. No. 85. Following Local Rule 83.12, Plaintiff filed a "Motion for Leave to File Documents Covered by a Protective Order Publicly." Doc. No. 117. After the NFL failed to file an Opposition and the court directed the Clerk of Court to lodge

the documents publicly, *see* Doc. No. 133, the NFL asserted that two documents bearing Bates numbers NFL000733 and NFL000776-000795 were confidential and should be sealed.  *See* Doc. Nos. 135, 138.  As a result, the court temporarily sealed these documents to allow the NFL to file an appropriate motion.  Doc. No. 138.

On September 30, 2014, the NFL filed (1) a Motion to File Documents Under Seal, Doc. No. 144, and (2) an Opposition to Plaintiff's Motion for Leave to File Documents covered by a Protective Order Publicly as to Bates Labeled Documents NFL000733 and NFL000776-000795 Only.  Doc. No. 145.  Should the court not agree to seal the documents in their entirety, the NFL also lodged versions "with the most sensitive information proposed for redaction."  *See* Doc. No. 145, NFL Opp'n at 2 n.1.  Pursuant to Local Rule 7.2(d), the court determines this Motion without a hearing and GRANTS in part and DENIES in part the NFL's request to seal and/or redact these documents.  The documents will be filed by the Clerk of Court with certain limited redactions ordered by the court.

## II.  **STANDARD OF REVIEW**

Pursuant to Local Rule 83.12(a), a party may seek leave to file under seal any document "if it contains confidential, restricted, or graphic information and/or images."  However, based on the "general right to inspect and copy public

records and documents, including judicial records and documents," there is a "strong presumption" in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons."[1] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This strong presumption "applies fully to . . . motions for summary judgment and related attachments." *Id.* at 1179.

A party seeking to seal attachments to a dispositive motion "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178. In so doing, the party "must 'articulate compelling reasons supported by specific factual findings' that outweigh . . . public policies favoring disclosure." *Id.* at 1178-79 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In other words, "conclusory offerings" regarding a document's confidentiality, standing alone, "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* at 1182. "The "compelling reasons" standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179.

---

[1] Records that are traditionally kept secret include "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178.

Generally, compelling reasons that are sufficient to overcome this strong presumption exist when:

> such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* (internal citations and quotation marks omitted).

### III. ANALYSIS

The court addresses the NFL's arguments as to each document at issue.[2]

### A. NFL0007733

NFL000733 is a security assignment list for the 2013 Pro Bowl which (1) contains the names, phone numbers, reporting locations, and radio frequencies of key security figures for the Pro Bowl, (2) provides a two-sentence

---

[2] The NFL raises two additional arguments in its Opposition to Plaintiff's Motion to file Documents Publicly. First, the NFL makes a two-sentence argument that NFL000776-000795 is not relevant to Plaintiff's claims. Doc. No. 145, NFL Opp'n at 4-5. Needless to say, such conclusory argument fails to establish that the document is irrelevant to Plaintiff's Motion for Summary Judgment (an inquiry the court will not take on its own). Second, the NFL argues that Plaintiff failed to provide any reason to file the documents publicly. Doc. No. 145, NFL Opp'n at 4-7. The NFL ignores that Plaintiff does not have the burden; rather, the NFL has the burden to establish that these documents must be sealed.

description of security procedures at the Pro Bowl, and (3) provides the security frequency and code name for this event. The NFL seeks to have this document sealed in its entirety, or in the alternative, proposes to redact this specific information.

The NFL argues that this document should be sealed because the individuals listed in this document could work future Pro Bowls at Aloha Stadium, and disclosure of this information "could expose these individuals to unwanted phone calls and pose security hazards to them by persons who seek access to NFL events or who seek retribution against these individuals." Doc. No. 144, NFL Mot. at 2. The court agrees that the contact telephone numbers for individuals and the security frequency for the event are sensitive information that meets the "compelling reason" standard outlined in *Kamakana*. *See Kamakana*, 447 F.3d at 1182 (discussing redaction of officers' home addresses and social security numbers).

But the NFL has not met this standard for the document as a whole, much less for redaction of the names of the individuals providing security and their reporting locations, or the brief description of security procedures. Rather, the NFL's summary assertions of possible "retribution" and "security hazards" caused by knowing these individuals' names and locations at the Pro Bowl 2013

ring hollow where the Pro Bowl 2013 has long passed, the names of individuals who worked the Pro Bowl 2013 are presumably not confidential, and Pro Bowl 2015 is slated to take place in Arizona. Further, the brief description of security procedures the NFL seeks to redact merely describes in the most general manner who private security personnel should call if they need assistance. There is no secret that private security personnel are not the only security at a professional football game. The court will therefore direct the Clerk of Court to file NFL000733, with redactions of telephone numbers and the security frequency.

**B.     NFL000776-000795**

NFL000776-000795 is a contract between the NFL and G4S Secure Solutions ("G4S") for on-field and gate security services at the 2011, 2012, and 2013 Pro Bowls (the "Contract"). The Contract includes, among other things, details regarding the obligations of the NFL and G4S regarding the Pro Bowl, the required qualifications of G4S employees working at the Pro Bowl, liability insurance requirements, and the pay for G4S security personnel. Like NFL000733, the NFL seeks to have this document sealed in its entirety, or in the alternative, proposes redactions of several provisions which it considers "most sensitive."

In support of redaction, the NFL raises several arguments. First, the NFL asserts that the Contract's disclosure would affect the NFL's ability to negotiate competitive terms in other agreements for security services. *See* Doc. No. 145, Def.'s Opp'n at 5. But beyond this conclusory assertion of competitive harm, the NFL fails to provide any facts explaining what terms of the Contract are actually negotiated, or even any detailed explanation as to how disclosure of any particular provisions would place the NFL at a competitive disadvantage. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 5395039, at *2 (N.D. Cal. Nov. 5, 2012) (redacting portions of licensing agreement that "were heavily negotiated by the parties"). Needless to say, the NFL's "conclusory offering" of competitive harm does not carry its burden of "articulat[ing] compelling reasons supported by *specific factual* findings" that support redaction. *See Kamakana*, 447 F.3d at 1178-79 (quotations omitted) (emphasis added). Indeed, even a casual review of some of the provisions the NFL asserts are "most sensitive" belie the NFL's argument -- the NFL seeks to redact broad provisions in their entirety which provide, for example, that G4S is to provide "general crowd management and security services," that G4S is to conduct background investigations of its event staff, and that event staff must "render prompt and courteous service." The court is at a loss as to how disclosure of these provisions

would cause any competitive disadvantage, and the NFL provides no meaningful explanation.

The NFL's remaining arguments do not withstand scrutiny. For example, the NFL argues that the Contract is confidential because it contains a confidentiality provision binding G4S from its disclosure. Simply agreeing that a document is confidential, however, does not meet the *Kamakana* standard. The NFL also argues that disclosure would raise security concerns for future Pro Bowl events where G4S provides security services because individuals seeking to cause problems at the Pro Bowl could obtain employment through G4S now knowing what background checks are required. Doc. No. 144, NFL Mot. at 3-4. This argument, founded on no facts and requiring several inferential leaps, does not carry the NFL's burden of presenting a compelling reason for redaction. Finally, the NFL argues that disclosure of the Contract's terms regarding insurance and indemnification requirements could be used against the NFL and G4S in unrelated civil actions to "justify financial wherewithal of each entity." *Id.* at 4. Insurance is now the norm and not an exception; that the Contract requires insurance comes as no surprise.

In sum, despite the court alerting the NFL to the *Kamakana* standard for sealing documents presented on summary judgment, the NFL presented only

conclusory, speculative arguments without any factual basis. Such arguments fail to establish any compelling reason to outweigh the public policy favoring disclosure. Although the NFL dropped the ball in articulating a specific basis for redaction of the Contract, the court finds that certain financial terms in the Contract, if disclosed, could place the NFL at a competitive disadvantage in negotiating future contracts for security services. The court will therefore redact the specific dollar amounts of compensation and insurance, as well as the provision regarding travel expenses.

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

Based on the above, the court GRANTS in part and DENIES in part the NFL's Motion to File Documents Under Seal, Doc. No. 144. The court directs the Clerk of Court to file NFL000733 and NFL000776-795 as redacted by the court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 2, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ritchie v. Nat'l Football League et al.*, Civ. No. 13-00525 JMS-BMK, Order Granting in Part and Denying in Part Defendant National Football League's Motion to File Documents under Seal, Doc. No. 144