IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEB RITCHIE, | ) CIV. NO. 13-00525 JMS-BMK |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT |
| | ) NATIONAL FOOTBALL LEAGUE'S |
| vs. | ) MOTION FOR RECONSIDERATION |
| | ) OF ORDER DENYING REQUEST FOR |
| NATIONAL FOOTBALL LEAGUE, | ) DISCOVERY OF PLAINTIFF'S |
| STATE OF HAWAII, DOE | ) MEDICAL RECORDS, DOC. NO. 388 |
| ENTITIES 1-10, DOE | ) |
| INDIVIDUALS 1-20, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DENYING DEFENDANT NATIONAL FOOTBALL LEAGUE'S MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR DISCOVERY OF PLAINTIFF'S MEDICAL RECORDS, DOC. NO. 388**

## I. INTRODUCTION

In this action, Plaintiff Deb Ritchie ("Plaintiff") asserts disability discrimination claims against Defendants the National Football League (the "NFL") and the State of Hawaii (the "State") (collectively, "Defendants") stemming from her denial of access to the front-row seat she purchased for the 2013 Pro Bowl at Aloha Stadium. Prior to trial, Defendants sought discovery of Plaintiff's medical records. Although Plaintiff produced a single four-page "fitness for air travel" form for her January 21, 2013 flight from Canada to Hawaii,

she refused to produce any additional documents on the basis that the requests were overly broad, cumulative, and not reasonably calculated to lead to admissible evidence. On December 30, 2014, U.S. Magistrate Judge Barry M. Kurren denied the NFL's request for further discovery on Plaintiff's medical records.

A six-day jury trial resulted in a hung jury on several claims, and the NFL, joined by the State, now seek reconsideration of the discovery decision, arguing that Plaintiff's trial testimony requires production of Plaintiff's medical records. Doc. Nos. 388, 389. Based on the following, the court DENIES the NFL's Motion for Reconsideration.[1]

## II. STANDARD OF REVIEW

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." Local Rule 60.1; *see Sierra Club, Hawaii Chapter v. City & Cnty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2003) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the

---

[1] Pursuant to Local Rule 7.2(d), the court determines the NFL's Motion for Reconsideration without a hearing.

occurrence of an intervening change in law, or proof of manifest error of law or fact."). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

   A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## III. DISCUSSION

At the time of the 2013 Pro Bowl, Plaintiff used a motorized wheelchair and could ambulate short distances using crutches and wheels on her shoes. Discovery in this action revealed several emails between Plaintiff, the NFL, and/or the State regarding Plaintiff's plans to access her front-row seat. In an email from Plaintiff to the NFL sent the Wednesday prior to the 2013 Pro Bowl, Plaintiff asserted that she could not access her seat via the public staircase "under any circumstances." In later communications, Plaintiff asserted that she would find a way to her seat, perhaps going down the stairs on her rear end. Further, during her deposition, Plaintiff testified that her condition was variable, had improved following her Wednesday email, and that she notified individuals of this change. *See* Doc. No. 388-6, NFL Ex. E at 166, 169-70. At trial, Plaintiff expanded on her medical condition during this time, explaining that in Hawaii she has access to hot tubs, swimming pools, and warmer weather, which make "a tremendous difference to my mobility and to reducing inflammation and other issues on my spinal cord," and which made Plaintiff "able to get myself back to where I can come up with a drawing board and figure out what I'm going to do [to access her front-row seat]." Doc. No. 342 at 3-186 - 3-187.

The NFL argues that Plaintiff's trial testimony regarding her ability to improve her condition came as a surprise and constitutes "new material facts not previously available," warranting reconsideration of the order denying their request for discovery of Plaintiff's medical records.[2] For several reasons, the court finds that the NFL has failed to carry its burden for reconsideration.

First, Plaintiff's trial testimony does not constitute "new material facts not previously available" -- the facts are neither "material" nor "not previously available." In her deposition, Plaintiff clearly testified that her condition was variable. And her trial testimony regarding her ability to mitigate her symptoms is simply not material where Plaintiff asserted during discovery both that her condition improved over the days preceding the Pro Bowl and that she notified Defendants of such change.[3] Given these facts, exactly *how* Plaintiff asserts her condition improved (whether through simple luck, passage of time, or use of a hot tub) is not material. Rather, the focus is on what Plaintiff

---

[2] Although Magistrate Judge Kurren issued the discovery order at issue, the undersigned addresses the Motion for Reconsideration given that the second trial is scheduled to commence on June 18, 2015.

[3] In addressing the NFL's arguments, the court focuses on whether Plaintiff's testimony is material -- the standard for reconsideration -- in light of whether the testimony is discoverable, *i.e.*, "any non-privileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1) (describing scope of discovery). The court also notes that during discovery, Defendants did not dispute that Plaintiff was an individual with a disability. *See* Doc. No. 388-3, NFL Ex. B.

5

communicated to Defendants regarding her condition and whether Defendants reasonably determined that Plaintiff could not access her front-row seat.

Nor is this evidence "not previously available." Although Plaintiff did not explain until trial the details of the variable nature of her disability, Plaintiff testified during her deposition that her disability was variable and that she had later told individuals that she would be able to access her seat in some manner. Indeed, although the NFL asserts that during her deposition Plaintiff "failed to explain how and why her condition changed dramatically over the course of a few days," Doc. No. 388, NFL Mot. at 5, Defendants simply failed to ask the question, despite Plaintiff testifying during her deposition that her condition had in fact improved:

> Q. And did you say, "But the front row is down a full flight of steep stairs at Aloha Stadium, which I cannot do under any circumstance"? Is that what you told the NFL [in your Wednesday email]?
> A. At that time, I could not do those stairs at that moment.
> . . .
> Q. But then your condition changed?
> A. Correct.
> Q. So your condition varies from day to day?
> A. Some days it's much worse than others.
> Q. Okay. And this day it was so bad you couldn't get down under any circumstances? That's what you said, right?
> A. That day, at that moment I wrote that to Terry, yes.

> . . .
> Q. . . . So, but then three days, four days later, you can make it down those steps; is that correct?
> A. *Three to four days later I had improved physically* and I had had lengthy discussions and had figured out a way.

Doc. No. 388-6, NFL Ex. E at 164-66 (emphasis added). Thus, this is not the case where Plaintiff's trial testimony contradicts her deposition testimony or that Plaintiff hid certain facts from Defendants. Rather, Defendants simply failed to ask for any explanation of the variable nature of her disability and/or whether and how her condition had changed between the Wednesday and Friday before the 2013 Pro Bowl. In short, Plaintiff's explanation regarding her variable condition was available to Defendants had they simply asked the question.

Second, the NFL argues it is entitled to discovery on a basis it never presented to Magistrate Judge Kurren, and the NFL may not seek reconsideration based on arguments that could have been, but were not, previously presented. *See Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269. In particular, the NFL argued to Magistrate Judge Kurren that Plaintiff's medical records are relevant to Plaintiff's claim for damages for physical injuries. *See* Doc. No. 388-4, NFL Ex. C. The NFL did not argue, as it does now, that Plaintiff's medical records are relevant to establish whether Plaintiff could safely access her front-row seat. *See* Doc. No.

388, NFL Mot. at 13. And the NFL's failure to present this argument is inexplicable given that during discovery, the NFL argued to Plaintiff that it needs Plaintiff's medical records "to respond to [Plaintiff's claim] that it was safe for Ms. Ritchie and other fans for her to descend to, and evacuate from the fixed seats." Doc. No. 388-3, NFL Ex. B. For whatever reason, the NFL did not make this argument to Magistrate Judge Kurren and they have therefore waived such argument on reconsideration.[4]

///

///

///

///

///

///

---

[4] Finally, even if the court construed the Motion for Reconsideration as a request to reopen discovery, the NFL has failed to establish good cause for doing so. Discovery in this action has long since ended, and Federal Rule of Civil Procedure 16(b) provides that a pretrial order "shall not be modified except upon a showing of good cause." A party meets this "good cause" standard by establishing diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If that party was not diligent, the inquiry should end."). The NFL cannot establish good cause where it (1) was aware of Plaintiff's deposition testimony that her condition improved over the days preceding the 2013 Pro Bowl, (2) articulated to Plaintiff the need for discovery to determine whether Plaintiff could safely descend the stairs, and (3) failed to seek discovery on this basis before Magistrate Judge Kurren. These facts establish that the NFL, for whatever reason, failed to timely seek this discovery, and was not diligent. The NFL is therefore not entitled to reopen discovery on this basis.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES the NFL's Motion for Reconsideration, Doc. No. 388.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ritchie v. Nat'l Football League et al.*, Civ. No. 13-00525 JMS-BMK, Order Denying Defendant National Football League's Motion for Reconsideration of Order Denying Request for Discovery of Plaintiff's Medical Records, Doc. No. 388