IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEB RITCHIE, | ) | CIV. NO. 13-00525 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART: (1) DEFENDANT |
| vs. | ) | NATIONAL FOOTBALL LEAGUE'S |
| | ) | MOTION IN LIMINE NO. 7, DOC. NO. |
| NATIONAL FOOTBALL LEAGUE, | ) | 473, AND (2) DEFENDANT STATE OF |
| STATE OF HAWAII, DOE | ) | HAWAII'S MOTION TO DISMISS OR |
| ENTITIES 1-10, DOE | ) | IN THE ALTERNATIVE STRIKE |
| INDIVIDUALS 1-20, | ) | PLAINTIFF'S WITNESS LIST, DOC. |
| | ) | NO. 471 |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART:
(1) DEFENDANT NATIONAL FOOTBALL LEAGUE'S MOTION IN
LIMINE NO. 7, DOC. NO. 473, AND (2) DEFENDANT STATE OF
HAWAII'S MOTION TO DISMISS OR IN THE ALTERNATIVE STRIKE
PLAINTIFF'S WITNESS LIST, DOC. NO. 471**

**I. INTRODUCTION**

This Order concerns two Motions: (1) Defendant National Football League's ("NFL") Motion in Limine No. 7 to Exclude Testimony from Witnesses not Called at the First Trial, Doc. No. 473; and (2) Defendant State of Hawaii's (the "State") Motion to Dismiss, or in the Alternative, to Strike Plaintiff's Witness List Filed May 7, 2016, Doc. No. 471. As indicated at the June 16, 2016 hearing, both Motions are GRANTED in PART and DENIED in PART.

At this stage, the court declines to dismiss the action and refuses to

exclude entirely any testimony from witnesses who did not testify at the prior March 2015 trial (the "first trial"). Plaintiff Deb Ritchie ("Plaintiff") is limited to naming (if desired) three additional witnesses, that is, witnesses who did not testify at the first trial (whether called by Plaintiff or by either Defendant).[1] Plaintiff must name any such additional witnesses by filing and serving a new complete witness list on or before June 23, 2016. Plaintiff must also disclose to Defendants by June 23, 2016 any new exhibits related to these additional witnesses that were not previously disclosed to Defendants. The deadline for discovery related to the three additional witnesses is extended to July 30, 2016.

## II. BACKGROUND[2]

A re-trial of the remaining issues in this case was originally set for June 18, 2015. Doc. No. 370. Upon Motion by Plaintiff, the trial date was continued to March 8, 2016. Doc. No. 398. Plaintiff's former counsel was allowed to withdraw from this action on December 8, 2015, Doc. No. 405, and Plaintiff has proceeded pro se since counsel withdrew.

---

[1] That is, Plaintiff may not proceed with her February 17, 2016 list of 86 "likely to be called" witnesses. *See* Doc. Nos. 433 & 470.

[2] The court sets forth only the background necessary to explain the context for the two Motions. The parties are aware of the long history of this case, and the events of the first trial where the jury reached a unanimous verdict on only some of the counts of the operative Complaint.

Accordingly, on December 17, 2015, the court issued a "Notice to Pro Se Litigant," informing Plaintiff that (among other matters) she must familiarize herself with, and follow, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and this court's local rules. Doc. No. 407, Notice at 1. The Notice reminded Plaintiff that she "must know and meet all court deadlines and case filing requirements." *Id*. The court also notified Plaintiff that her pro se status does not excuse her from complying with all trial-related requirements. *Id*. at 2. And on December 23, 2015, the court reaffirmed a trial date of March 8, 2016, setting various pretrial deadlines including that:

> [b]y February 16, 2016, each party shall serve and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for the testimony of the witness on direct examination.

Doc. No. 411, Second Am. Rule 16 Sched. Order ¶ 21.

On February 17, 2016, Plaintiff filed a witness list consisting of 86 "witnesses likely to be called," Doc. No. 433, whereas the first trial consisted of only twelve witnesses in total (*i.e.*, by all parties). The February 17, 2016 proposed witness list included (1) NFL Commissioner Roger Goodell, (2) physicist Stephen Hawking and his wife, and (3) approximately 43 NFL

players (including, for example, Peyton Manning, Andrew Luck, Matt Schaub, and unnamed "friends and family [of certain players] in attendance").  Doc. No. 433.

On February 29, 2016, the court held a pre-trial hearing regarding the March 8, 2016 trial.  At that hearing, the court explained to Plaintiff that, although the court was not limiting Plaintiff to calling only the same witnesses that were called at the first trial, Plaintiff's proposed list of 86 potential witnesses was inappropriate.  Specifically, the court informed Plaintiff that she was not permitted to "put on a totally different trial" and explained in considerable detail that Defendants had a right to depose new witnesses and to disclosure of new evidence related to such witnesses.  Doc. No. 463, Tr. at 15-20.  It was clear that if Plaintiff desired to expand her witness list substantively, then the trial could not proceed on March 8, 2016.  *See, e.g.*, *id*. at 17, 24-25, 33.  Plaintiff requested a continuance of the trial date, to which Defendants consented, and trial was rescheduled for August 23, 2016.  *Id*. at 17, 28, 39; Doc. No. 459.

During the hearing, Plaintiff agreed to provide "a realistic [witness] list with a fairly detailed description" of proposed witness testimony.  Tr. at 30-31.  Plaintiff stated "I will pare it down[.]"  *Id.* at 43.  The court granted Plaintiff until April 15, 2016 to provide her final witness list, including disclosures required under Federal Rule of Civil Procedure 26(a).  *Id*. at 41-42.  The court warned

Plaintiff -- and she acknowledged -- that "[i]f you do another 82-witness list and [Defendants] come in and object, I'm likely to sustain that objection." *Id*. at 65. The court told Plaintiff -- and she acknowledged -- that "[y]ou've got to get serious and really pare down this witness list to a serious list." *Id.* The court set a July 1, 2016 deadline for any discovery related to newly-named witnesses, thus allowing Defendants to conduct discovery related to the new witnesses.

On April 15, 2016, Plaintiff filed a Motion for Extension of Time to File Final Witness List, asking for "a few weeks to a month to complete the tasks[.]" Doc. No. 468, Mot. at 4. The court granted the request, extending the deadline for Plaintiff to provide her final witness list to opposing counsel to May 6, 2016. Doc. No. 469. Plaintiff thus had from February 29, 2016 until May 6, 2016 to shorten her list of witnesses to a final list.

On May 7, 2016, Plaintiff filed a witness list. The list is exactly the same as the witness list previously filed on February 17, 2016. *See* Doc. No. 470; *compare* Doc. No. 433.

Accordingly, on May 12, 2016, the State filed its Motion to Dismiss, or, in the Alternative to Strike Plaintiff's Witness List. Doc. No. 471. And on May 13, 2016, the NFL filed its Motion in Limine No. 7 to Exclude Testimony from Witnesses not Called at the First Trial. Doc. No. 473.

In her Oppositions, Plaintiff explains that she uploaded the wrong file on May 7, 2016, mistakenly filing the "list from February" and not "the list [t]he Plaintiff had been painfully working on."  Doc. No. 478, Mem. at 5; Doc. No. 479, Mem. at 6.  Nevertheless, Plaintiff has never filed a correct final witness list -- and it has been over a month since she claims she uploaded the wrong file.[3]  Further, it is clear based on the hearing on the Motions that Plaintiff did not subsequently notify Defendants of her proposed new witnesses.  That is, she has had ample opportunity to correct her mistake, and has still not done so.

### III.  DISCUSSION

**A.    Legal Standards Regarding Rule 26(a) Disclosure Obligations**

Federal Rule of Civil Procedure 26(a) mandates early disclosure of intended trial witnesses and exhibits.  Rule 26(a)(3)(A) requires "a party to prove to the other parties . . . the following information [among others] about the evidence that it may present at trial other than solely for impeachment:"

> (i) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises; [and]
>
> (ii) the designation of those witnesses whose testimony

---

[3] The court will assume, for present purposes, that Plaintiff in fact mistakenly filed the old (February 17, 2016) witness list on May 7, 2016.

> the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition[.]

*Id.*

Further, Rule 26(a)(3)(B) requires all parties to disclose their trial witnesses and exhibits thirty days before trial, "[u]nless the court orders otherwise [.]" Fed. R. Civ. P. 26(a)(3)(B). And Rule 26(e) requires a party to supplement prior disclosures:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

*Id.*

Such disclosure deadlines are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Timely and careful compliance with the requirements of Rule 26(a) is essential, both as a matter of fairness to litigants and as a matter of orderly procedure [particularly] during . . . events which occur in the final phases of discovery, motion work and trial preparation." *Garcia v. Qwest Corp.*, 2008 WL 4531657, at *2 (D. Ariz. Oct. 3,

2008) (quoting *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 WL 3558663, at *2 (W.D. Okla. Dec. 29, 2005)).

Accordingly, Federal Rule of Civil Procedure 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).[4] The Rule, amended in 1993, "significantly broadened [the] duty to supplement Rule 26 disclosures by making mandatory preclusion 'the required sanction in the ordinary case.'" *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 19 (1st Cir. 2001) (quoting *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998)). The Advisory Committee Notes to Rule 37(c)(1) describe the sanctions as "self-executing" and "automatic." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37

---

[4] Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Advisory Committee's Note (1993)).

"'Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules' as a precondition before imposing sanctions." *Garcia*, 2008 WL 4531657, at *3 (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (affirming district court's preclusion of supplemental opinion where plaintiff failed to timely disclose his expert's supplemental opinion)). *See also Yeti by Molly, Ltd.*, 259 F.3d at 1106 ("Thus, even though Deckers never violated an explicit court order to produce the Vuckovich report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).").

"The range of sanctions provided in Rule 37(c), from the most harsh (total exclusion and dismissal of the case) to more moderate (limited exclusion and attorney's fees), gives the district court leeway to best match the degree of non-compliance with the purpose of Rule 26's mandatory disclosure requirements." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). *See also, e.g., Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 642 (D. Haw. 2008) ("The Ninth Circuit gives 'particularly wide latitude to the district court's discretion to

9

issue sanctions under Rule 37(c)(1).'") (quoting *Yeti by Molly, Ltd.*, 259 F.3d at 1106).

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. The burden to prove substantial justification or harmlessness is on the party facing sanctions. *Id.* at 1107 (citing *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)). "For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance." *Garcia*, 2008 WL 4531657, at *3 (citations omitted). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.*

**B.     Application of Standards**

Given these standards, the court clearly has discretion to restrict Plaintiff to the witnesses that were called (by any party) at the first trial. Plaintiff has violated clear disclosure deadlines regarding her proposed new witnesses. It is likewise clear that the failure to provide any indication of an updated witness list is not "substantially justified" and could be prejudicial to Defendants. That is,

Plaintiff has not met her burden to preclude appropriate sanctions. *See Yeti by Molly, Ltd.*, 259 F.3d at 1107.

Plaintiff's offered justification for her total failure to provide an undated final witness list -- that the court had previously admonished her not to email the court to seek substantive relief or to file documents -- lacks credibility.[5] First, Plaintiff was granted access to the court's CM/ECF system, yet she never corrected or attempted to correct her alleged filing error. Plaintiff has demonstrated that she is well aware of the court's filing system, and there are

---

[5] As early as March 27, 2015, the court admonished Plaintiff's prior counsel not to submit correspondence on legal issues to the courtroom manager, but that if "Plaintiff wishes to bring an item to the court's attention, Plaintiff should file the appropriate motion." Doc. No. 349. As another example, on April 9, 2015 Plaintiff herself (when represented by counsel) "left a lengthy voice message with the courtroom manager" which the court found "improper for several reasons." Doc. No. 379. Again, Plaintiff was informed that the proper avenue to seek relief is by filing a motion with the court (and, at that time, with the assistance of counsel). *Id*. After Plaintiff was permitted to proceed pro se, she again sought relief by an email request. The court informed Plaintiff that although she may receive CM/ECF notices by email, she "may not file documents or send or generate notices via email." Doc. No. 409. On February 8. 2016, the court then granted Plaintiff's request to use CM/ECF, with a warning that she must "follow all Federal and local rules regarding such use[.]" Doc. No. 420. Then, on February 19, 2016, the court received another email from Plaintiff seeking substantive relief. Doc. No. 442. The court declined to respond to this email request. Doc. No. 443. Undeterred, Plaintiff submitted another inappropriate email dated March 2, 2016. Doc. No. 461. And then, yet again, the court received an inappropriate email from Plaintiff dated April 14, 2016. Doc. No. 467. And again, she was informed that she may not seek relief by email request, and instead must file a motion. Doc. No. 466.
   This history amply demonstrates that Plaintiff was never restricted from filing any document with the court using the court's CM/ECF system. She was only precluded from sending emails or calling court personnel seeking substantive relief, especially on an ex parte basis. In short, Plaintiff was warned several times about her inappropriate emails to the court, but she was never restricted in any manner from filing any requests with the court using her approved CM/ECF account.

ample methods for filing documents late with leave of court, or filing an errata if a clerical or technical error occurs. *See, e.g.,* Local Rule 100.9.1. Second, in her opposition to both motions, Plaintiff could have attached her corrected and updated final witness list as proof that she attempted to comply with the court's deadline. But she didn't. And third, at any time between May 7 and the June 16 hearing date, Plaintiff could have provided the corrected and updated final witness list to the State and the NFL. Again, she didn't. In short, the court finds Plaintiff's offered justification as to why she never filed a corrected and updated final witness list to be untruthful.

And Defendants would obviously be prejudiced without knowing who Plaintiff intends to call at the upcoming trial -- they should be given an opportunity to conduct relevant discovery as to their possible testimony, including an opportunity to depose them if desired. *See, e.g.*, *Yeti by Molly, Ltd.*, 259 F.3d at 1106; *Garcia*, 2008 WL 4531657, at *3. Accordingly, even without a finding of bad faith, sanctions under Rule 37(c)(1) are warranted.[6]

The court, however, will not at this stage completely preclude Plaintiff from calling new witnesses (*i.e.*, witnesses who did not testify at the first

---

[6] The court could also rely on Federal Rule of Civil Procedure 16(f)(1)(C), which also allows an imposition of sanctions for failure to obey a scheduling or other pretrial order -- a situation that has clearly occurred.

trial). Plaintiff's February 17, 2016 witness list, among other people, includes over 40 NFL football players, NFL Commissioner Roger Goodell (whose prior subpoena was quashed), and physicist Stephen Hawking (who has no involvement with this case). Without scrutinizing the list, it is conceivable that at least a few of these people might have relevant information regarding remaining issues in this litigation. The court will thus allow Plaintiff to name three additional witnesses. But -- as indicated at the June 16, 2016 hearing in this matter -- Plaintiff must name her additional witnesses by Thursday, June 23, 2016, given that she has had since at least February 29, 2016 to prepare her witness list. Specifically, Plaintiff must name any such additional witnesses by filing and serving a new complete witness list. Plaintiff must also disclose to Defendants any new exhibits related to these additional witnesses by June 23, 2016. The deadline for discovery related to any new witnesses is extended from July 1, 2016 until July 30, 2016.

## IV. CONCLUSION

The NFL's Motion in Limine No. 7 to Exclude Testimony from Witnesses not Called at the First Trial, Doc. No. 473, is GRANTED in PART and DENIED in PART.

The State's Motion to Dismiss, or in the Alternative, to Strike Plaintiff's Witness List Filed May 7, 2016, Doc. No. 471, is also GRANTED in

PART and DENIED in PART.

The court declines to dismiss the case, and (at least at this stage) will not limit Plaintiff to calling only witnesses who testified at the first trial. The court, however, limits Plaintiff to three additional witnesses subject to the conditions set forth in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 20, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Ritchie v. Nat'l Football League et al.*, Civ. No. 13-00525 JMS-BMK, Order Granting in Part and Denying in Part: (1) Defendant National Football League's Motion in Limine No. 7, Doc. No. 473, and (2) Defendant State of Hawaii's Motion to Dismiss or in the Alternative Strike Plaintiff's Witness List, Doc. No. 471